UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VLADIMIR ZUJOVIC,

                Plaintiff,

                        **ORDER**
-against-                          23-CV-05559-DG-SJB

CVETA POPOVIC and VISNJA POPOVIC,

                Defendants.
------------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

        The Clerk of Court is directed to transfer this case to the Eastern District of California. A Hague Convention matter like the present one may only be filed in the federal district encompassing the location of the child, H.Z. *See Skolnick v. Wainer*, No. CV 2013-4694, 2013 WL 5329112, at *1 (E.D.N.Y. Sept. 20, 2013) ("ICARA provides that a 'person seeking to initiate judicial proceedings under the Convention for the return of a child . . . may . . . commenc[e] a civil action by filing a petition for the relief sought in any court which has jurisdiction of such action *and* which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed.'" (alterations in original) (quoting 42 U.S.C. § 11603(b))). This case began on July 21, 2023. (*See* Dkt. No. 1). At the status conference on September 21, 2023, counsel for the Petitioner indicated that the child's whereabouts were unknown. (*See* Tr. dated Sept. 21, 2023 ("Sept. 21 Tr."), Dkt. No. 34 at 3:7–3:25, 5:13–5:20). At a subsequent conference on November 13, 2023, counsel for Respondent Visnja Popovic indicated that H.Z. is living in California pursuant to a Kings County Family Court order issued in August 2023, giving temporary custody to H.Z.'s maternal aunt. This custody order followed a proceeding initiated by the Administration of Child Services.

Petitioner asserted in the Petition and the Amended Petition that H.Z. was living in Brooklyn, and therefore in the Eastern District of New York, when this case was first filed. (Pet. dated July 21, 2023 ("Pet."), Dkt. No. 1 ¶¶ 17, 19; Am. Pet. dated Oct. 12, 2023 ("Am. Pet."), Dkt. No. 13 ¶ 75). While venue may have been appropriate when the Petition was originally filed, when the Amended Petition was filed, H.Z. was not living in the District. (Tr. dated Nov. 13, 2023 ("Nov. 13 Tr."), Dkt. No. 33 at 5:1–5:9). Petitioner has not cited any authority (and the Court is not aware of any) to support that a child's location is irrelevant upon the filing of an Amended Petition, and the location at the time of the original Petition would control. Even if that were the case, the changed circumstances warrant transfer of this case, pursuant to 28 U.S.C. § 1404. The interests of justice suggest transfer is the most appropriate route to a resolution: the child and her temporary custodian live in California; Petitioner is a foreign citizen who has no particular ties to the United States or this jurisdiction; and no witnesses or evidence exist in this jurisdiction. *E.g.*, *Salguero v. Argueta*, 256 F. Supp. 3d 630, 633 (E.D.N.C. 2017) ("On or around January 24, 2017, petitioner learned that respondent and the child were located in Raleigh, North Carolina. Petitioner then moved to transfer the case to this court, pursuant to 28 U.S.C. § 1404(a). The court granted petitioner's motion and transferred the case to this court on March 14, 2017."); *Gayle-Sawyers v. Wellington*, No. 22-CV-2309, 2022 WL 18674917, at *1–*2 (N.D. Ga. Aug. 22, 2022) (transferring case because, although child was initially located in Georgia at time of filing of initial petition, child subsequently moved to New York).

It is not clear at all that this venue is more convenient for Petitioner than any other venue, whereas for the child and guardian, who reside in California (as opposed to outside the United States), and who may have to testify and be examined by experts,

California is a more convenient venue. Petitioner asserts that he is of relatively modest means compared to Respondent, that he cannot afford counsel, and that the Respondent remains in Brooklyn for family court proceedings taking place in Kings County Family Court. (*See* Pet'r's Br. Concerning Transfer of Venue dated Nov. 28, 2023 ("Pet'r's Br."), Dkt. No. 28 at 7–8). None of these assertions bear much weight (and are largely unsupported). For one thing, the location of family court proceedings is irrelevant to the location of Hague proceedings; it is often the case—indeed, almost certainly the case—that Hague Convention matters are litigated in places away from underlying custody disputes. Furthermore, when a Hague Convention case is properly filed and served, it results in an automatic stay of any state court custody proceedings. *Teller v. Helbrans*, No. 19-CV-3172, 2019 WL 5842649, at *11 (E.D.N.Y. Nov. 7, 2019) (citing *Yang v. Tsui*, 416 F.3d 199, 203 (3d Cir. 2005)). To the extent Petitioner is arguing that it would be easier for him to attend the Hague Convention case pending in New York federal court, which is in the same state where the family court custody proceeding is being litigated, Petitioner has never appeared in New York for any proceeding. (*See* Sept. 21 Tr. at 4:2–4:3, 12:6–12:8; Pet'r's Br. at 7). As for the Respondents, one of them is H.Z.'s maternal aunt and lives in the Eastern District of California. (*See* Nov. 13 Tr. at 8:1–8:6).

There is a separate problem that Petitioner should be prepared to address in the transferee court: this Petition was first filed on July 21, 2023, which is more than 1 year after the child was allegedly removed illegally in September 2021. (Pet. ¶ 1; Am. Pet. ¶ 59). The one-year bar under ICARA appears to bar the Petition and Amended Petition. *Lozano v. Montoya Alvarez*, 572 U.S. 1, 5 (2014) (stating that, in general,

"failure to file a petition for return within one year renders the return remedy unavailable").

In any event, the Court transfers this case to the Eastern District of California, pursuant to 28 U.S.C. § 1404(a). *See Alexander v. Comm'r of Soc. Sec.*, No. 23-CV-6964, 2023 WL 6125634, at *3 (S.D.N.Y. Sept. 19, 2023) ("[T]ransfer orders are non-dispositive and consequently within the authority of a magistrate judge acting pursuant to 28 U.S.C. § 636(b)(1)(A).") (collecting cases).

SO ORDERED.

/s/ *Sanket J. Bulsara*  February 6, 2024
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York